PS O

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MONAE DAVIS, Natural Born Citizen
(hereinafter "Petitioner"),

               Petitioner,

         -v-

UNITED STATES OF AMERICA, [SIC] UNITED
STATES MARSHALS SERVICE, R.A. PURDUE
CUSTODIAN,

               Respondents.

**DECISION and ORDER**
15-CV-555S

---

## INTRODUCTION

In May 2009, Petitioner, Monae Davis, pled guilty to one count of Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or more of Cocaine Base, in violation of 21 U.S.C. § 846, and was sentenced to a term of imprisonment of 240 months and 10 years of supervised release. (*United States v. Davis*, 1:07-CR-0245-WMS-1, Docket No. 482, Judgment.) The Second Circuit affirmed Davis's judgment of conviction on July 6, 2011. (*Id.*, Docket No. 634, Mandate–Issued August 2, 2011.) David also filed a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, which was denied (*id.*, Docket No. 738), as was a Motion for Reconsideration (*id.*, Docket No. 744). Davis appealed both Orders on December 4, 2014. The appeals are still pending. Davis filed the instant case on June 24, 2015.

## DISCUSSION

**A. PETITIONER'S CLAIMS**

Davis has filed what he has titled a Petition for a "Writ of Habeas Corpus [pursuant to] Art[icle] I, sec. 9, cl.2 of the Constitution of the [U]nited [S]tates and under [Sections] 1651 and

2241 of Title 28, United States Code[, and] Judicial Notice under F.R.E. § 201." (Docket No. 1, Petition.)  The Petition asserts that Davis is a "natural born citizen" and that because the Court "is not a court ordained and established under the Article III of the United States Constitution[,]" the Court has no jurisdiction and must order his immediate release.  (Docket No. 1, Petition, at ¶ 1-2.)  Davis asserts such things in support of his "claims" as: "Petitioner contends that this is not a court ordained and established under Article III of the United States Constitution" (id. ¶ 2); "the HEADING of the Indictment reads as District Court of the United States, whereas attorney's Notice of Motion dated [March 14, 2008] addresses the Court as United States District Court, which emerged with the Judicial Act of 1911, 36 Stat. 1087-1169 (id., ¶ 3); "Petitioner claims that even though this Court PRESUMES or may have PRESUMED it has Art. III Power which could ONLY have been granted EXPRESSLY by the legislature in the Statutes At Large, which it did not . . . [t]herefore, all presumptions as such, prejudice constitutionally guaranteed rights are UNCONSTITUTIONAL" (id., ¶ 9); and "This VICTIM of government's CONSPIRACY is BEYOND the protection of jurisdiction of this Court because he is a non-resident party who has not expressly waived sovereign immunity pursuant to any provisions within 28 U.S.C. § 1605[]" (id., ¶ 10C).  It appears Davis has adopted language used by a group of individuals who refer to themselves as "sovereign citizens" and claim, among other things, that they are not subject to the laws or jurisdiction of the United States.

For the reasons discussed below, Davis's Petition is dismissed.

### SECTION 2241 OR 2255

"A motion pursuant to § 2255 is the proper means to challenge the imposition of a federal conviction and sentence, whereas a petition pursuant to § 2241 is the proper means to challenge the execution of federally-imposed sentence." *Franklin v. Hudson*, 579 Fed.Appx. 50, 51 (2d Cir. 2014) (Summary Order) (citing *Adams v. United States*, 372 F.3d 132, 134–35

(2d Cir.2004)). A district court does not have jurisdiction to review a second or successive § 2255 motion unless the movant has sought and obtained authorization from the appropriate Court of Appeals to file a second or successive motion. *Carmona v. United States*, 390 F.3d 200, 201-02 (2d Cir. 2004). A federal prisoner, like Davis, can challenge the validity of his conviction under § 2241 only if he can establish that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir.2003).

> However, "when a prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits ..., the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to this court for certification ... or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction."

*Franklin*, 579 Fed.Appx. at 51 (quoting *Adams*, 372 F.3d at 136); *see also Cephas*, 328 F.3d at 104 (noting that if a § 2241 petitioner cannot make the requisite showing that a § 2255 motion is "inadequate or ineffective," the district court "must either dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion.")

"[A] § 2255 motion may be inadequate or ineffective in circumstances where a prisoner cannot avail himself of § 2255, and when the failure to obtain collateral review raises serious constitutional questions." *Adams*, 372 F.3d at 135 (citing *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). A motion under § 2255 "is not inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams*, 372 F.3d at 135 (citing *Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001).

As noted, Davis is currently challenging the jurisdiction of this Court and thus is challenging the imposition of his sentence, not its execution. *See Adams*, 372 F.3d at 135. The appropriate vehicle for the relief he seeks, therefore, is § 2255, not § 2241. Davis, however, could not file a second or successive 2255 motion because of the gate-keeping mechanism of § 2255(h). Davis has not established, in any way, that § 2255 is inadequate or ineffective nor that "the failure to obtain collateral review raises serious constitutional questions." *Adams*, 372 F.3d at 135. Thus, the Court elects to dismiss the Petition, rather than recharacterize it as a § 2255 motion and transfer it to the Second Circuit, as countenanced by the Second Circuit in *Cephas*, 328 F.3d at 104, and re-affirmed in *Adams*, 372 F.3d at 136.

## **ORDER**

IT IS HEREBY ORDERED that the Petition (Docket No. 1) is DISMISSED with prejudice.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:   July 29, 2015
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge